UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MILWAUKEE ELECTRIC TOOL,                  :
CORPORATION,
                                                                    :
           Plaintiff,                                       :
vs.                                                           :   Civil Action No. #
                                                                    :
MEDITERRANEAN SHIPPING COMPANY S.A. :   **COMPLAINT**
                                                                    :
           Defendant.                                  :
-------------------------------------------------------------X

**COMES NOW**, Plaintiff Milwaukee Electric Tool Corporation, (hereinafter "Plaintiff"), by and through undersigned counsel, and as and for its Complaint against Defendant Mediterranean Shipping Company S.A. ("MSC" or "Defendant"), allege upon information and belief:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 on the basis that it concerns breaches of maritime contracts and the claims are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that it concerns contracts for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et seq. (note).

3. MSC has consented to jurisdiction in the State of New York by virtue of Defendant's agreement to a contractual choice of forum clause that requires actions against it to be instituted in this Court.

4. Venue is proper in this District because Defendant is subject to personal

jurisdiction in this District with respect to this action.

5. Venue is also proper in this District because the subject contracts of carriage or other applicable contracts contain a choice of forum clause that calls for or allows the jurisdiction of this Court.

## PARTIES

6. Plaintiff is a corporation incorporated in Delaware and which and headquartered in Brookfield, Wisconsin. Plaintiff was the shipper, or consignee of the cargo in question and brings this action on its own behalf, and on behalf of, and for the interests of all parties who may be or become interested in the goods in question.  Plaintiff entrusted certain power and hand tools in the custody, care, and control of Defendant for interstate transportation and the cargo was not delivered to the assigned destination for those goods in the same good order and condition as it was received.

7. At all relevant times, Defendant MSC was and is a foreign corporation registered in Switzerland doing business in this judicial District as a vessel-operating common carrier of goods for hire, with an office and place of business at 420 5th Avenue, 8th Floor, New York, NY 10018.

## FACTUAL BACKGROUND

8. Plaintiff is a company that is regularly engaged in the shipment of goods, namely power and hand tools, on behalf of its customers throughout the United States.

9. At all relevant times MSC was contracted to ship goods from Yantian, China to the discharge port in Los Angeles, California, with an ultimate delivery destination of Olive Branch, Mississippi.

10. Pursuant to the B/L, there were numerous containers shipped carrying 13981 cartons of various tools specifically described in the B\L as ("the cargo").

11. The Cargo was packed in containers and delivered to the vessel, "MAERSK EUREKA" V.252N, and Defendant at the loading port of Yantian, China in good order and condition and suitable in every respect for the intended transportation.

12. Defendant issued clean bills of lading for the Cargo. Contracts of carriage and/or other contracts thus exist between Plaintiff and MSC, that Plaintiff is a party to, the third-party beneficiary of, and/or otherwise entitled to enforce the terms of the contract.

13. Such contracts of carriage or other applicable contracts concern the carriage of goods by sea from a foreign port to a port of the United States.

14. Among other obligations and duties, Defendant had an obligation and duty to properly and carefully load, handle, stow, carry, keep, care for, and discharge the Cargo.

15. Among other obligations and duties, Defendant had an obligation and duty to deliver the Cargo in good order and condition to the ultimate port of destination.

16. Upon information and belief, the Cargo was lost, damaged, and/or otherwise went missing during the period of exclusive control of Defendant.

17. Two (2) of the containers carrying the cargo were found to have missing goods on or about February 9, 2023. The two (2) containers were packed and shipped with the following cargo: Container No: FFAU3739384 - 1,460 ctns (=10,505 pcs) of TTI tools (Invoice No. PC445869) Container No: MSMU4125466 – 869 ctns of TTI tools (Invoice No. PC445820).

18. During transit and while the containers were in the exclusive control of Defendant, it was discovered that 932 & 13 pieces of tools were lost and/or missing from the containers and not delivered as originally agreed by contract.

19. Plaintiff/Cargo Interests has suffered damages as a result of the failure by Defendant to deliver the Cargo in good order and condition. Specifically, Plaintiff has suffered

damages of an amount of USD 72,883.07 (U.S. Dollars Seventy Two Thousand Eight Hundred and Eighty Three and Cents Seven Only).

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

20. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint with the same force and effect as if more fully set forth herein.

21. Pursuant to the contract entered into between the parties, Defendant owed a contractual and statutory duty to Plaintiff to safely and properly carry, keep, care for and deliver Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

22. Defendant also had a contractual and statutory duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner and had a statutory and contractual duty to exercise due diligence in maintaining the seaworthiness of the Vessels.

23. Defendant breached the aforementioned contractual and statutory duties they owed to Plaintiff.

24. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff or Cargo Interests, but, to the contrary, was due solely as the result of the breach of contract on the part of Defendant and/or its agents and / or the unseaworthiness of the Vessel.

25. As a direct and proximate result of said breach of contract by the defendants, Plaintiff has suffered damages.

### SECOND CAUSE OF ACTION – BREACH OF BAILMENT

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs

"1" through "19" of this Complaint with the same force and effect as if more fully set forth herein.

27. At the time of the aforementioned casualty, Defendant together with the entities they hired to act on their behalf, were acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, owed statutory duties to the Plaintiff to safely and properly carry, keep, care for and deliver the Cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

28. Defendant breached their duties and obligations as bailees by failing to deliver said shipment to its intended destination in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

29. As a direct and proximate result of the breach of bailment by Defendant, the Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff prays:

A. That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

B. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount to be determined at trial, together with interests, costs and the disbursements of this action; and

C. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: February 05, 2024  
       Oyster Bay, New York

Respectfully submitted,

CHALOS & CO, P.C.

By:   /s/ Briton P. Sparkman_____  
       George M. Chalos, Esq. (GC-8693)  
       Briton P. Sparkman, Esq. (BS-5220)

        55 Hamilton Ave.
        Oyster Bay, NY 11771
        Tel: (516) 714-4300
        Fax: (866) 702-4577
        Email: gmc@chaloslaw.com
            bsparkman@chaloslaw.com

*Attorneys for Plaintiff*